# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADISLADO PAREDES-ROSALES, also known as Jose Luis Arcos-Ortiz, also known as Kid, also known as Amador Espinoza Matuto,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-281-41

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Adislado Paredes-Rosales pleaded guilty of conspiracy to possess with intent to manufacture and distribute methamphetamine, and he was sentenced to a 225-month term of imprisonment and to a five-year period of supervised release. Paredes-Rosales gave timely notice of his appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41117

Paredes-Rosales contends that the magistrate judge erred in refusing to appoint substitute counsel. He asserts that his guilty plea should be vacated because there was a complete breakdown in communication between him and his attorney that was so severe that his Sixth Amendment right to counsel was implicated and the voluntariness of his guilty plea was undermined. Paredes-Rosales contends also that the magistrate judge did not have jurisdiction because the district court did not make a formal referral of the matter. The latter contention will be discussed first, as it implicates this court's jurisdiction.

"A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," and the district court may designate a magistrate judge to hear and determine any pretrial matter. 28 U.S.C. § 636(b)(1)(A) & (3). The magistrate judges in the Eastern District of Texas are authorized by Local Rule CR-59 to perform duties conferred by Congress. Under the Criminal Justice Act, magistrate judges are required to appoint counsel for financially eligible criminal defendants, and "may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." 18 U.S.C. § 3006A(b) & (c). Thus, the magistrate judge's authority over the motions was provided by statute and by rule.

Paredes-Rosales did not ask the district court to review the magistrate judge's decision denying counsel's motion for leave to withdraw and his pro se motion for appointment of substitute counsel. "[A]ppellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980); *see also* § 636(b)(1)(A). Because this court lacks jurisdiction to review the magistrate judge's order, the appeal is DISMISSED IN PART.

No. 15-41117

The record does not support Paredes-Rosales's assertion that his guilty plea was involuntary because it was uncounseled.  This contention is refuted by Paredes-Rosales's statements under oath at the rearraignment and at sentencing.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  To the extent that Paredes-Rosales wishes to raise a claim of ineffective assistance of counsel, the claim has not been considered because it was not litigated fully in the district court.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Finally, Parades-Rosales contends that the district court committed a procedural error at sentencing by considering an untimely Government objection to the presentence report.  The district court has "broad discretion" in deciding whether to entertain an untimely objection to the presentence report.  *United States v. Angeles-Mendoza*, 407 F.3d 742, 749 (5th Cir. 2005).  No abuse of discretion has been shown.  *See id.* at 749 & n.11.  The judgment is AFFIRMED IN PART.